*515 MEMORANDUM **
Robert Wilmot appeals from a final order of the Benefits Review Board (“Board”) affirming the decision of an administrative law judge (“ALJ”) granting employer Crescent City Marine Ways’ request for a credit against Wilmot’s permanent partial disability award for an amount paid in an earlier settlement of a similar injury. Wilmot argues that the Board erred in determining that substantial evidence supported the ALJ’s conclusion that the settlement payment was compensation entirely for permanent partial disability. We affirm.
The facts and procedural history of this case are familiar to the parties and we do not repeat them here. We review the Board’s decision “for errors of law and adherence to the substantial evidence standard.” Taylor v. Dir., OWCP, 201 F.3d 1234, 1238 (9th Cir.2000).
An analysis of the settlement agreement reveals substantial evidence in the record on which the ALJ (and the Board) could have decided that the entire $37,500 payment was compensation for Wilmot’s permanent partial disability. The agreement noted that Wilmot had reached maximum medical improvement and that he had returned to work — the very definition of a permanent partial disability. See Gen. Constr. Co v. Castro, 401 F.3d 963, 968-69 (9th Cir.2005). The agreement explicitly (and separately) disposed of any temporary disability benefits. The agreement also expressly noted that all medical benefits would be calculated separately. Although the agreement stated that a “scheduled award for permanent partial disability of the right leg at 10%” would equal $14,781.60, less than half the amount actually paid, it also noted that “the nature and the extent of the permanent impairment” were in dispute and that Wilmot’s examining physician rated the impairment at “25-30% disability.” Finally, the payment form listed the $37,500 as payment for “permanent partial (non-schedule[d])” disability. Although Wilmot’s injury was a scheduled one, and thus the payment form incorrectly categorized the injury as “nonsehedule[d],” the classification of the payment as for “permanent-partial” disability, rather than for temporary partial, temporary total, or permanent total disability, is persuasive evidence of the nature of the settlement.
The judgment is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.